UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SUSAN B. GARCIA, | ) NO. 05-34046 |
| | ) |
| Debtor. | ) Hon. Jack B. Schmetterer |

## OBJECTION TO TRUSTEE'S FINAL REPORT

SUSAN B. GARCIA, Debtor, and SHAWN GARCIA, Defendant, in Cause 06 A 718, collectively represented by Alonzo H. Zahour, their attorney, object to the Trustee's Final Report as follows:

1. The Petition commencing this case was filed on August 26, 2005. R. SCOTT ALSTERDA was appointed Trustee on August 26, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

ANSWER: Admits the statement contained in paragraph number 1.

2. The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is not other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

ANSWER: Admits the statement contained in paragraph number 2.

3. The disposition of estate property is set forth in Exhibit B. The

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $3,100.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

ANSWER: Admits the statement contained in paragraph number 3.

4. A summary of the Trustee's final account as of November 20, 2007 is as follows:

|     |     |     |
| --- | --- | --- |
| a. | RECEIPTS (See Exhibit C) | $45,277.46 |
| b. | DISBURSEMENTS (See Exhibit C) | $0.00 |
| c. | NET CASH available for distribution | $45,277.46 |
| d. | TRUSTEE/PROFESSIONAL COSTS: | |
|    | 1. Trustee compensation requested | $4,777.20 |
|    | 2. Trustee Expenses | $18.20 |
|    | 3. Compensation requested by attorney or other professionals for trustee | |
|    |    (a) Ungaretti & Harris LLP | $18,211.00 |
|    |        *Attorney for Trustee Fees (Trustee Firm)* | |
|    |    (b) Ungaretti & Harris LLP | $2,240.07 |
|    |        *Attorney for Trustee Expenses (Trustee Firm)* | |

ANSWER: Admits that paragraph number 4 is an indication of the Trustee's final account.

5. The Bar Date for filing unsecured claims expired on June 5, 2006.

ANSWER: Admits the statement contained in paragraph number 5.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. Sec. 1930 claims | $28,246.47 |

2

    c. Allowed Chapter 11 administrative claims     $0.00

    d. Allowed priority claims     $0.00

    e. Allowed unsecured claims (including surplus)     $18,830.33

ANSWER: Admits the statement contained in paragraph 6.

7. Trustee proposes that unsecured creditors receive a distribution of 100% of the allowed claims plus interest on the allowed claims from the Petition Date at the Federal Judgment Rate (3.88%).

ANSWER: Admits the statement contained in paragraph number 7.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| R. SCOTT ALSTERDA<br>*Trustee Fees and Expenses* | $0.00 | $4,777.20 | $18.20 |
| UNGARETTI & HARRIS LLP<br>*Attorney for Trustee Fees and Expenses* | $0.00 | $18,211.00 | $2,240.07 |

ANSWER: Admits that paragraph 8 outlines a request for Trustee and Trustee's attorney fees but that the Defendant, SHAWN GARCIA, as well as the Debtor, SUSAN GARCIA objects to the payment of the fees and expenses requested and in support of same states that the fees requested by the Trustee's attorney are excessive when compared to the amount of claims paid in this cause and as such the Debtor and the Defendant request that this Court conduct an examination of the reasonableness of said fees pursuant to 11 U.S.C. §330 and it is suggested that this Court may, pursuant to 11 U.S.C. §330, award compensation that is less than the amount of

3

compensation required and further requests this Court to consider the factors contained in 11 U.S.C. §330(3).

9. A fee of $485.00 was reported paid to Debtor's counsel for services rendered in connection with this case and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

ANSWER: Admits the statement contained in paragraph number 9.

WHEREFORE, Debtor, SUSAN GARCIA, and Defendant, SHAWN GARCIA pray that this Court consider rejecting the Trustee's Final Report as it relates to Paragraph 8 as to the fees requested but otherwise approve said Report.

Respectfully submitted,

/s/ Alonzo H. Zahour
Alonzo H. Zahour, Attorney for
Debtor, SUSAN GARCIA and
Defendant, SHAWN GARCIA

Alonzo H. Zahour
Attorney No. 03099598
101 Royce Road, Suite 8
Bolingbrook, IL 60440
(630) 759-3631