UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SUSAN B. GARCIA, | ) NO. 05-34046 |
| | ) |
| Debtor. | ) Hon. Jack B. Schmetterer |

## SUPPLEMENTAL OBJECTION TO TRUSTEE'S FINAL REPORT

SUSAN B. GARCIA, Debtor, and SHAWN GARCIA, Defendant, in Cause 06 A 718, collectively represented by Alonzo H. Zahour, their attorney, submit their First Supplemental Objection to the Trustee's Final Report as requested by the Honorable Judge Schmetterer on March 27, 2008 and in support of this First Supplemental Objection state the following:

A. LEGAL BASIS FOR OBJECTION. The Debtor and Defendant base their objection on the Final Report upon the following statutory provisions:

1. 11 U.S.C. 330(a)(3)(C)(D) and 11 U.S.C. 330(a)(4)(A)(i)(ii)(I)(II).

B. GENERAL FACTUAL ALLEGATIONS UNDERLYING SUPPLEMENTAL OBJECTION:

1. The Debtor and the Defendant base their objections factually upon the facts that occurred in the fraudulent transfer litigation. It is stated in the Trustee's Exhibit A that the factual allegations in the transfer litigation were not in essence contested. Specific reference is made to paragraph 10 on page 2 of that Exhibit A whereby the Answer of the Defendant did not create any material issues of fact. That has been the Defendant's and Debtor's contention since the inception of the litigation.

1

Additionally, it should be noted that Trustee and his attorney were not required to engage in any extensive discovery or investigation regarding the facts underlying the transfer as said information was freely provided to the Trustee and its attorney voluntarily.

Further, it is clearly noted in the Trustee's Report and attached exhibits that the claims in the estate were barred as of June 5, 2006. Namely, shortly after the filing of the adversary complaint for fraudulent transfer and before the entry of a consent judgment on September 5, 2006 it was clearly defined what the claims of the estate would be.

In February of 2007 the Trustee received the amount agreed in the consent judgment, namely $45,000.00 for administration. Now, after the passage of in excess of thirteen months the estate is now being presented to this Court for closing and that the Debtor has objected to the fees generated by the Trustee and its attorney in that thirteen month period of administration as well as those fees incurred in the fraudulent transfer litigation.

C. <u>SPECIFIC OBJECTION TO TRUSTEE FEES AND TRUSTEE'S ATTORNEY'S FEES</u>.

1. <u>Trustee Fees</u>: The Trustee seeks, in the view of the Debtor and the Defendant, fees that are the maximum allowed by existing statute. The Debtor and the Defendant believe that this was not a complex estate, that the involvement of the Trustee was not such as to justify the maximum amount of fees allowable in that there was no complex litigation and clearly no complex administration inasmuch as the claims were barred, no objections to claims were made and in essence, the Trustee

merely, after the litigation was ended by a consent judgment, needed to pay the claims and close the estate. It is the belief of the Debtor and the Defendant that 11 U.S.C. 330(a)(3)(D) should be applied to modify the fees incurred by the Trustee inasmuch as it is believed that the closure of the estate was not performed within a reasonable amount of time, the services did not involve complex or unique issues and as such the fees are argued to be decreased in the discretion of the Court.

The concept of reasonable compensation as based upon 11 U.S.C 330(a)(1)(A) is believed by the Debtor and the Defendant to involve the discretionary powers of this Court. Discretion is a broad term but it is believed that common sense should prevail in the award of fees and it is believed that the fees sought by the Trustee are excessive.

Additionally, 11 U.S.C. 326 clearly defines a formula for award of compensation and the Trustee seeks fees based upon the arguable fact that the creditors are receiving 100% distribution, but that 100% distribution was clearly defined by the bar of the claims prior to the settlement of the case in September of 2006.

Additionally attached to the report is an outline of the hours spent by the Trustee in this cause and the following specific dates and times incurred are contested by the Debtor and the Defendant to be unreasonable and unnecessary for the administration of this estate:

    a. April 11, 2006 does not define what claim is reviewed;

    b. September 16, 2006 outlines a conference regarding a summary judgment motion that was not in the view of the Debtor and Defendant litigated;

c. June 26, 2006 does not define the facts discussed in the conference;

d. August 31, 2006 does not define what is the alternative relief sought;

e. October 12, 2006 does not attach any memorandum between attorney and Trustee;

f. October 15, 2006 further does not include what the memo contains and whether or not .30 hours is in fact appropriate to review such a memo;

g. February 20, 2007 outlines a correspondence review but same is not attached or defined to determine whether or not .40 hours is an appropriate for said correspondence; similarly an objection is made to the February 28, 2007 entry.

2. <u>Attorney's Fees</u>: The Debtor and the Defendant further object to the claim for attorney's fees and in essence state the following:

a. That legal research is billed for a total amount of $1,251.21. Clearly the Trustee and its attorneys are well educated, have vast years of experience in Bankruptcy Court litigation and that the issues contained in this fraudulent transfer litigation did not involve any matters of complexity. It is unclear to the Defendant and the Debtor as to why there would be need for any legal research. Thus, that $1,251.21 is contested.

b. Additionally, it has not been disclosed to this Court the practice of the Trustee's attorney in how the firm bills. Namely, is there minimum billing such as 1/10th of an hour increments, 1/4 hour increments, or whatever. It would appear from the billing statements that it is based upon 1/10th of an hour increments and that without the actual documents being presented in support of the Trustee's motion for approval of fees it can not be contested by the Debtor and/or the Defendant as to

4

whether or not the time spent, for instance drafting a memo; drafting a letter, is in fact appropriate.

    c. The June 19, 2006 review of memo is contested.

    d. August 23, 2006 entry for legal research, whatever that part of that entry is, is contested.

    e. August 24, 2006 entry is contested.

    f. August 30, 2006 entry is contested as it relates to research.

    g. Additionally those entries for September 8, 2006 for review of pleadings for enforcement of judgment, September 13, 2006 for drafting a letter, September 15, 2006 revision of an earlier drafted letter, September 18, 2006 for review of insurance policy are also contested by the Debtor and the Defendant.

    D. <u>CONCLUSION</u>: The Debtor and the Defendant respectfully request this Court to consider this First Supplemental Objection to the Trustee's Report in conjunction with the hearing to be held on this case in May of 2008 and to further permit the Debtor and the Defendant to supplement this objection once again should the Trustee and/or its attorney file supplemental documents in support of their outstanding petition.

    Respectfully submitted,

    /s/ Alonzo H. Zahour
    Alonzo H. Zahour, Attorney for Debtor/Defendant

Alonzo H. Zahour
Attorney No. 03099598
101 Royce Road, Suite 8
Bolingbrook, IL 60440
(630) 759-3631