UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| SUSAN B. GARCIA, | ) | Case No. 05 B 34046 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | | Trial Date: May 2, 2008 |
| | | Trial Time: 1:30 p.m. |

## TRUSTEE'S TRIAL BRIEF FOR HEARING ON OBJECTION TO TRUSTEE'S FINAL REPORT

R.Scott Alsterda, as Trustee for Susan B. Garcia ("Trustee") submits this Trial Brief in connection with the hearing on the Objection to Trustee's Final Report and the compensation sought in the Applications of Trustee and Trustee's Counsel for Compensation and Expenses (hereinafter collectively referred to as the "Application") and states as follows:

## BACKGROUND

In connection with his Final Report filed February 15, 2008 and the Application, the Trustee sought compensation for: (a) Trustee's fees of $4,777.20; (b) Trustee expenses of $18.20; (c) Attorney Fees (for Trustee's counsel) of $18,211.00; and (d) Attorney Expenses (for Trustee Counsel) of $2,240.07. On March 26, 2008, the Debtor[1] filed an Objection to Trustee's Final Report asserting that the fees incurred by the Trustee are "excessive when compared to the amount of the claims paid in this case." On March 27, 2008, the Court entered a Scheduling Order directing the Debtor to file a

---

[1] The objection appears to be on behalf of both the Debtor and her son who was a defendant in the fraudulent conveyance action filed by Trustee. Since the Debtor's son is not a creditor of the estate, it does not appear that he has standing to object to the Trustee's request since he will not be "directly and adversely affected pecuniarily" by approval of the fees. *In re Rybka*, 339 B.R. 464, 467 (Bkrtcy N.D.Ill. 2006). Since there is a surplus being returned to the Debtor, it would appear that she does have standing to object. *Id* at 467-68.

Supplemental Objection and directing the Trustee to file a supplemental report setting forth fees not billed as a part of the Application.

The Trustee has filed his Supplemental Statement of Fees Not Included in the Final Fee Applications (the "Supplemental Statement"). The Supplemental Statement identified three categories of fees. The first category consisted of fees that were recorded by the Trustee and the Trustee's attorney but that were then written off or written down by the Trustee and his counsel prior to the submission of the Final Report and Application. This consisted of Trustee's fees of $316.00 and Attorneys' fees of $2,776.00. See Exhibit A to Supplemental Statement.

The second category consisted of fees that were recorded as non-billable time by the Trustee. This time relates primarily to the preparation of the Final Report, the Application and other administrative tasks. Accounting for time entries that included work on multiple estates including this one, the Trustee estimated that the total fees in this category total $7,999.00. See Exhibit B to Supplemental Statement.

The third category of fees relate to the estimated fees that will be incurred in connection with hearing on the Final Report and Application, including the submission of the Supplemental Statement. In the Supplemental Statement, the Trustee estimated the amount of such fees at $3,510.00.

The Debtor's Supplemental Objection to Trustee's Final Report set forth the following objections to compensation sought by the Trustee and his Attorneys pursuant to the Final Report and Application:

1. The Trustee's fees incurred in connection with fraudulent transfer litigation brought by the Trustee.

1150080-1 2

2. The Trustee's fees incurred in the period between the February 2007 settlement of the fraudulent transfer litigation and the closing of the estate.

3. The Trustee's request for the maximum fees allowed by 11 U.S.C. §326 on the basis that the estate was not closed within a reasonable time and that the services performed did not involve complex or unique issues.

4. The Trustee's April 11, 2006 time entry (.10 hours) because it does not specify which creditor's proof of claim was reviewed.

5. The Trustee's September 16, 2006 time entry references a conference concerning a motion for summary judgment and no such motion was filed. The Trustee believes that there is a typographical error in the Supplemental Objection and that the specific objection is to the Trustee's June 19, 2006 time entry of .20 hours ("Conference with A. Pirogovsky regarding summary judgment motion and trial schedule").

6. The Trustee's June 26, 2006 time entry of .20 hours ("Conference with A. Pirogovsky regarding status hearing on complaint and mediation proposal") "does not define the facts discussed in the conference."

7. The Trustee's August 31, 2006 time entry of .30 hours ("Conference with A. Pirogovsky regarding alternative relief sought against S. Garcia in Trustee's complaint to avoid fraudulent transfer") "does not define the alternative relief sought."

8. The Trustee's October 12, 2006 time entry of .10 hours ("Review of memo from A.Pirogovsky on Garcia's funding for proposed settlement") "does not attach any memorandum between attorney and Trustee."

9. The Trustee's October 15, 2006 time entry of .30 hours ("Review of memo from A.Pirogovsky on Sean Garcia's loan commitment for settlement and draft response to A.Pirogovsky to seek funding for settlement or (sic) last property sale") "does not include what the memo contains and whether or not .30 hours is in fact appropriate to review such a memo."

10. The Trustee's February 20, 2007 time entry of .40 hours ("Correspondence with M.Whiteman and A.Pirogovsky regarding closing issues for sale of real property to Shawn Garcia") does not attach or define the correspondence to allow determination of "whether or not .40 hours is appropriate for said correspondence."

11. The Trustee's February 28, 2007 time entry of .30 hours ("Correspondence with M.Whiteman regarding closing of sale of real property and settlement statement") does not attach or define the correspondence to allow a determination of whether .30 hours is appropriate.

12. The request by the Trustee's Attorneys for $1,251.21 for legal research costs is objected to on the basis that it is unclear why there would be any need for legal research since the issues in the fraudulent transfer litigation "did not involve any matters of complexity."

13. The failure to disclose whether the Trustee's Attorneys bill in 1/10 or 1/4 hour increments and the failure to submit documents prevents debtor from determining whether the time spent drafting a memo or a letter is appropriate.

14. The Trustee's Attorney's June 19, 2006 time entry of .60 hours ("Review of memo from A.Pirogovsky regarding status hearing, claim information, complaint and answers and draft reply to A.Pirogovsky regarding settlement offer") is contested with respect to the review of the memo.

15. The Trustee's Attorney's August 23, 2006 time entry of 1.00 hours ("Prepare subpoenas for Shawn and Susan Garcia and research regarding fees and costs for attendance") is contested for whatever that part of the entry relates to legal research.

16. The Debtor "contests" an August 24, 2006 time entry without specifying the nature of the objection or which entry is subject to the objection. The August 24, 2006 time entries are as follows: ("Preparation of subpoenas and legal research regarding service of subpoenas"-AXP .50 hours) and ("Correspondence with A.Pirogovsky regarding compliance with Pre-Trial Order including draft findings of fact and conclusions of law"-RSA .20 hours).

17. The Trustee's Attorney's August 30, 2006 time entry of 2.00 hours ("Research and draft Motions for Sanctions") is "contested as it relates to research."

18. The Trustee's Attorney's September 8, 2006 time entry of .30 hours ("Review of Garcia pleadings in Adversary Proceedings for enforcement of judgment") is objected to for unspecified reasons.

19. The Trustee's Attorney's September 13, 2006 time entry of .60 hours ("Draft letter to A.Zahour regarding forbearance from executing on judgment") is objected to for unspecified reasons.

20. The Trustee's Attorney's September 15, 2006 time entry of .30 hours ("Revise settlement letter with Shawn Garcia on Consent Judgment and conference with A.Pirogovsky regarding proposed priority of distribution of settlement proceeds in Trustee's Final Report") is objected to for unspecified reasons.

21. The Trustee's Attorney's September 18, 2006 time entry of .50 hours ("Review of insurance policy on 937 S. Braintree and telephone conference with insurance agent to add Trustee as additional insured") is objected to for unspecified reasons.

## DISCUSSION AND LEGAL ANALYSIS

### The Trustee's Compensation

The Debtor has not raised any issue with respect to the Trustee's calculation of the amount ($4,777.20) that the Trustee could recover under 11 U.S.C. §326(a) ("Section 326(a)") which establishes a cap on the amount the Trustee can receive. *In re Rybka*, 339 B.R. 464, 471 (Bkrtcy N.D.Ill. 2006). It is undisputed that the Trustee submitted billing statements with the Application showing $5,313.50 in time spent on Trustee work. In the Supplemental Statement, the Trustee has shown another $316.00 in Trustee work that was written off after being initially recorded as billable time and another $7,999.00 in Trustee work that was never recorded as billable. The Debtor does not contest the rate used by the Trustee or contest that the time was spent by the Trustee.

Instead, the Debtor apparently makes the general objections that the Trustee is not entitled to the maximum amount allowed under Section 326(a) because (1) Trustee fees incurred in connection with the fraudulent transfer litigation (hereinafter the "Adversary Proceeding") should not be considered; (2) Trustee fees incurred in between the February 2007 settlement of the Adversary Proceeding and the closing of the estate should not be considered; (3) the estate was not closed within a reasonable time and work did not

involve complex or unique services. As noted above, the Debtor also raises objections to 1.90 hours of specific time entries the Trustee.

All of the Debtor's objections should be denied and the Trustee should be awarded the maximum amount of the fees allowed under Section 326(a). There is no requirement in Section 326(a) that the Trustee has to perform complex or unique services in order to receive the maximum amount due under Section 326(a). Instead, courts will use the lodestar analysis to determine the amount of an award with Section 326(a) serving as a cap on what can be recovered as Trustee fees. *See In re McKinney*, 374 B.R. 726, 728-29 (Bkrtcy. N.D.Cal. 2007). Here, there is no basis to assert that the lodestar which exceeds the $4,777.20 sought should be reduced.

After conducting the creditors meeting, the Trustee determined that an issue existed concerning the Debtor's transfer of her home to her son for inadequate consideration shortly before the filing of the Adversary Proceeding. The Trustee attempted to obtain details from the Debtor concerning this transfer and/or to resolve the matter without litigation. When the Debtor failed to provide any basis to avoid the transfer or a way to resolve the matter short of litigation, the Trustee was forced to litigate against the Debtor's son (hereinafter the "Defendant"). The time spent by the Trustee in monitoring the Adversary Proceeding, directing counsel and resolving the Adversary Proceeding was appropriate. While the issues in the Adversary Proceeding were not necessarily complex, the litigation was not self-executing and the Defendant (represented by Debtor's attorney) did not voluntarily return the property to the Debtor's estate. Debtor's Supplemental Objection to Trustee's Final Report raises the fact that the factual allegations in the Complaint in the Adversary were not contested, but ignores that

the Defendant filed an Answer which denied that the Trustee was entitled to avoid the transfer and asserted an affirmative defense.

The Trustee was (1) forced to file the Adversary Proceeding; (2) consider options after the filing of the Answer; (3) prepare for a mediation which was cancelled by Judge Schwartz when the Defendant failed to submit a mediation statement; (4) then prepare for a trial which the Trustee determined was more efficient than filing a motion for summary judgment; (5) obtain a default following defendant's failure to follow the Pre-Trial Order and (6) to negotiate and implement a settlement following defendant's default. It may be unfortunate that it took some time and effort to undo what was an obvious fraudulent transfer. That time and effort, however, was not caused by any inefficient or unnecessary actions by the Trustee. Instead, it was caused by the scheme hatched the Debtor and her son and their failure to promptly undo the transfer when it was raised by the Trustee.

The objection based on the time that it took to close the estate is similarly unfounded. Debtor objects to fees incurred between the February 2007 settlement and the closing of the estate. Between the time that Trustee deposited the settlement proceeds in the bank, the time (.90 hours) for which the Trustee seeks fees relate to communications with the Debtor concerning the calculation of distribution proceeds. There is no reason to deny the payment of fees to the Trustee for this work.

Debtor's objections to specific time entries of the Trustee also have no merit.

The Trustee does not even know where to start with respect to the objection to the April 10, 2006 entry of .10 hour based on the failure to specify which creditor's proof of claim was reviewed should be rejected. The entry is the smallest possible and there is no

1150080-1                                  7

contention that Trustee did not review a proof of claim. The objection to the April 11, 2006 entry should be rejected.

The next specific objection appears to be to a June 19, 2006 entry (.20 hours)[2] concerning a conference concerning a summary judgment motion and trial schedule. The Debtor objects because no such motion was litigated. The time entry that was the subject of the objection relates to a discussion by the Trustee with his counsel prior to a status hearing in the Adversary Proceed concerning whether it made sense to pursue a motion for summary judgment in light of defendants Answer and affirmative defense. The Trustee decided that rather than pursuing a motion for summary judgment, it would be simpler to pursue mediation and a trial if necessary. There is no basis to find that the decision and the time spent considering it was unreasonable.

The Debtor also objected to the Trustee's Attorney's June 19, 2006 time entry (.60 hours) as it relates to the review of a memo. The email memo that is the subject of the discussions and which reflects the strategic thinking concerning litigation is attached hereto as Exhibit A. The objections to the June 19, 2006 time entries of the Trustee and the Trustee's Attorney should be overruled.

Next the Debtor complains about the June 26, 2006 entry (.20 hours) because it "does not define the facts discussed in the conference." A review of the entry itself, however, reveals the matters discussed. Specifically, the Trustee and his attorney discussed the status hearing on the complaint and the mediation proposal. There is sufficient detail provided and the objection should be overruled.

---

[2] As noted above, it appears that the Supplemental Objection erroneously identifies this as a September 16, 2006 time entry.

The Debtor then objects to the August 31, 2006 entry (.30 hours) because the entry itself "does not define the alternative relief sought." As the Debtor should have been aware, the alternative relief forms of relief sought by the Trustee were (1) the payment of $152,929.15 or (2) the return of the house to Trustee, less the Defendant's obligations. It was proper to discuss the alternatives and there is no reason to allow the objection to this entry.

The Debtor also objects to the Trustee's October 12 and 15, 2006 entries (.10 and .30 hours respectively) concerning the Defendant's funding of proposed settlement commitments because memos exchanged between Trustee and his attorney are not attached. There is no need to attach such memoranda to the Application in order to determine the appropriateness of the time spent concerning whether defendant would be able to honor any settlement obligation and what the amount of the settlement should be. In any event, the email exchanged by the Trustee and his counsel on October 12 amd 15, 2006 are attached hereto as Exhibit B. These objections should be overruled.

The final objections to the Trustee's time entries relate to February 20 and 28, 2007 entries (.40 hours and .30 hours respectively) concerning correspondence regarding the sale of the property at issue. The Debtor objects because the correspondence with Trustee's real estate attorney is not "attached or defined." Again, there was no need to attach the correspondence to the Application to determine whether it was appropriate for the Trustee to review with his counsel issues that could and did arise with respect to the closing. In any event the email correspondence between the Trustee and his counsel are attached hereto as Exhibit C (February 20, 2007) and Exhibit D (February 28, 2007). These objections should be overruled.

**Attorney's Fees**

Professionals, such as Trustee's attorneys, "must demonstrate that their services were actual, necessary and reasonable." *See In re Paladino*, 267 B.R. 825, 830 (Bkrtcy. N.D. Ill. 2001) citing 11 U.S.C. §330 ("Section 330"). Applicants are expected to exercise "good faith billing judgment" and courts determine the reasonable amount of time a professional should have spent on a given project. *Id* at 831. The appropriate rate is determined by the attorneys' market rate with attorneys receiving "the same compensation as they would earn in performing similar services outside the bankruptcy context." *Id* citing *In re UNR Industries, Inc.*, 986 F.2d 207, 209-10 (7th Cir. 1993). The services must have been rendered for the estate's benefit. *In re Alpern*, 246 B.R. 567, 577 (Bkrtcy N.D.Ill. 2000). In addition to the economic impact of the actions taken, courts also consider "whether the services rendered promoted the bankruptcy process or administration of the estate in accordance with the practice and procedures provided for under the Bankruptcy Code and Rules for the orderly and prompt disposition of bankruptcy cases and related adversary proceedings." *Id.*

Here, an examination of the time entries does reveal that the time spent was actual, necessary and reasonable. Once the Trustee determined that an issue existed concerning Debtor's transfer of her house for less than fair value, Trustee retained counsel to litigate the Adversary Proceeding against defendant. As set forth in the Application, the time spent on each phase of the litigation and settlement of the litigation was reasonable. The rates sought are at the normal hourly rates charged by Trustee's Attorneys.

The Application and Supplemental Statement also reveal that billing judgment was exercised in the recording of time and in the time submitted for payment. Indeed, the Supplement Statement reveals that $2,776.00 in attorneys' fees were written off or written down by the Trustee and his counsel. There is no reason not to award all of the fees sought by the Trustee's Attorneys.

**Legal Research**

The Debtor appears to challenges both the expense[3] related to legal research ($1,251.21) and some of the time spent on legal research. Specifically, the Debtor challenges time entries from August 23, 2006 (1.00 hours) and August 24, 2006 (.50 hours) relating to research on witness fees and the service of subpoenas. Debtor also challenges the August 30, 2006 time entry (2.00 hours) relating to the research and drafting of a Motion for Sanctions. Debtor asserts that it is "unclear . . . why there would be need for any legal research." Supplemental Objection at p.4.

In anticipation of the trial in the Adversary Proceeding, the Trustee's Attorney was required to be prepared in the event that the Debtor who was not a party to the Adversary Proceeding failed to appear. The moderate time (1.50 hours total) spent preparing the subpoenas and making sure that there was no excuse for the Debtor avoiding appearing at the trial was reasonable.

The August 30, 2006 research was necessitated when the Defendant failed to comply with the Pre-Trial Order entered in the Adversary Proceeding. The time spent researching and preparing a Motion for Sanctions was appropriate under the

---

[3] It is not clear whether the Debtor is challenging the specific expense or just that there was time spent on legal research and that electronic research was done. In light of the fact that some courts consider electronic research costs to be overhead and not a recoverable expense, the Trustee and his counsel will withdraw the request for $1,251.21 expense relating to electronic research.

circumstances. The Trustee did need to make sure that there was authority supporting the request for relief and provide the Court with citation to such authority. The Motion helped force the Defendant to enter into the consent judgment. The Supplemental Statement also reveals that this time entry was written down from 3.70 hours to 2.00 hours. While the Defendant should have entered into the consent judgment as soon as the Complaint was filed, the Defendant did not do so and the Trustee Attorneys are entitled to compensation for having to litigate, including the relatively short periods of time spent on legal research. The Trustee and his counsel's following of rules and orders and providing citation of authority do promote "the bankruptcy process or administration of the estate in accordance with the practice and procedures provided for under the Bankruptcy Code and Rules for the orderly and prompt disposition of bankruptcy cases and related adversary proceedings." *In re Alpern*, 246 B.R. 567, 577 (Bkrtcy N.D.Ill. 2000). The Debtor's objections to the time spent on legal research should be denied.

### Other Attorney Time Entries[4]

The Debtor objects to Trustee's Attorney's September 8, 2006 (.30 hours) time entry concerning review of pleadings in connection with the enforcement of the judgment obtained. Debtor offers no reason why the attorneys should not have spent a limited time considering how the judgment should be enforced and the objection overruled.

The Debtor next objects to the September 13, 2006 time entry (.60 hours) concerning the potential forbearance on execution of the judgment and the September 15, 2006 time entry (.30 hours) concerning the revision of a settlement letter. It is apparent that shortly after the Consent Judgment was obtained, the Trustee had discussions

---

[4] The objection to the June 19, 2006 time entry of the Trustee's Attorney is dealt with above in connection with the objection to the Trustee's June 19, 2006 time entry.

concerning forbearance and settlement in an effort to resolve the matter in an efficient manner. The correspondence sent to counsel for the Debtor and the Defendant on September 13 and 15, 2006 have been identified as Trustee's Exhibit Nos. 24 and 25. There is no reason to deny compensation for the time related to these letters and the post-judgment settlement discussions.

The final entry objected to by the Debtor is for .50 hours spent on September 18, 2006 reviewing the insurance policy on the transferred property and seeking to have the Trustee added as an additional insured on such policy. Given that the Trustee now had an interest in the property it made sense and benefited the estate to make sure that proper insurance existed on the property and that the Trustee was a beneficiary of such insurance. There is no reason not to compensate such time.

### Fees Incurred in Connection With Objections

The Trustee should be awarded attorneys fees for the time spent responding to the Debtor's objections. In the face of Trustee's Application, Debtor could not merely allege a general dissatisfaction with the results obtained by Trustee. *In re Marlar*, 315 B.R. 81, 86 (Bkrtcy N.D.Ill. 2004). Here, the Debtor has pointed to no valid reason to deny any of the fees sought by the Trustee or the Trustee's Attorneys. The Debtor's objections were frivolous and under the circumstances here, just as in *Marlar*, the Trustee should be awarded fees for time spent to prepare for and participate in the evidentiary hearing.

May 2, 2008

                    **R. SCOTT ALSTERDA,** as Trustee
for Susan B. Garcia, Debtor

By:    /s/ R. Scott Alsterda
       One of his attorneys

OF COUNSEL
R. Scott Alsterda (ARDC No. 3126771)
Theodore E. Harman (ARDC No. 6202346)
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois  60602
Telephone:     (312) 977-4400
Facsimile:       (312) 977-4405

1150080-1                                              14